# In the United States District Court
# for the District of Montana
## Missoula Division

| | |
|---|---|
| LYL TRUST,<br><br>VS<br><br>CARNEGIE MELLON ET AL | Cause No. 9:22-cv-00123-DLC<br><br>**Motion:**<br><br>Plaintiff's Motion to File and Proceed as "Trustee" |

## Introduction

The Plaintiff filed this case LYL Trust, a revocable which operates in Situs, under the laws of Montana. The Plaintiff is the Trustee of LYL Trust. The LYL Trust contains two assets:

The Plaintiff's Residence, which is part of the controversy in this case.
The Plaintiff's LLC, registered in Montana, which is part of the controversy of this case.

**Request for Relief**

The Plaintiff asks for the court's permission to maintain her privacy, in this case, because of her previous experience with the Defendants, and their desire to force her into legal actions ("Lawfare"), so their PR firm's can create a false light in Social Media to prejudice her colleagues and public, destroying her relationships and career.

They have done this previously as described in the complaint. It was done to such an extent, during 2009-2012, that one of their sad bullies, was extradited from NYC to Seattle, and convicted by Plea. But this did not stop them. Instead they recruited others

associated with Carnegie Mellon University, to take over his efforts. This included a high profile individual's manager, Brian Cuban, Mark Cuban's brother, both are Pittsburgh Natives. They were so arrogant they ignored criminal and civil protection Orders, to carry out their attempts to publish protected private information about the Plaintiff, on the internet. A Washington State court ruled this was in violation of the civil and criminal Protection Orders, (and so enabling a crime). They will do this again. They have already begun doing so. The defendants have a long reach because of their wealth and power. Please see the Attached Order by the State Court, which provides the case numbers for the civil and criminal protection orders.

The Plaintiff, would like to be able to file electronically without having her name appear as filer, in the docket, so she will be protected from such actions, and can obtain a fair outcome. She is not a public figure. But she has a new business. Every time she has a business, these parties take actions to use "Lawfare", which is why she has brought this action. She has been dealing with their bullying for decades.

The Plaintiff is not filing under a pseudonym, but under the name of her Trust, as Trustee. Pacer requires that the user provide their real name. The Plaintiff did so. But the Registration for Montana District court, can allow a filer to be noted as another name, such as Trustee, which truthfully represents the Plaintiff. The Defendants are well aware of the Plaintiff's identity. They are only inhibited from exploiting her identity for nefarious and illegal actions as they have in the past. And if they do, it will leave a trail, and further reveal their destructive intentions towards the Plaintiff.

The Plaintiff also asks that any mentions of her real name, be stricken from the docket.

The Plaintiff must maintain her right to electronically file. This is a subtle and difficult case. And This court allows Pro Se litigants to e-file. In opening her case, multiple mistakes were made in filing her documents, including removing a page of her complaint and calling it an exhibit. Which it was not. This took much back and forth to correct. So it is also imperative for the economy of time and accuracy in this case, for the Plaintiff to file her own documents, electronically.

Attached are previous court decisions and understandings regarding filing under a Pseudonym for the court's reference. The Plaintiff also checked with an attorney about filing with Plaintiff as Trust, and was told their are multiple cases where this has occurred. it is more difficult   To protect a plaintiff's identity when they are Pro Se filers. But in this case, it is extremely important for the Plaintiff's safety and well being.

*LYL Trust*

Signed: Plaintiff: Trustee, for LYL Trust
July 28, 2022

**Exhibit 1:** Plaintiff's Motion to File and Proceed as "Trustee"

Civil Proceedings regarding filing as Pseudonym.

- Introduction
  In federal court, a plaintiff who wants to proceed pseudonymously must first obtain permission from the district court to do so by filing a motion with the court. In the motion, the plaintiff must convince the court that his or her privacy interests outweigh the public's interest in knowing his or her identity and the general presumption of openness in judicial proceedings. Whether to allow plaintiffs to proceed pseudonymously is a question for the district court's discretion, guided by the factors listed below, but taking into account the totality of the circumstances.
- Text of Rule(s)
  - Fed. R. Civ. P. 10(a):
    "The title of the complaint must name all the parties … "
  - Fed R. Civ. P. 17(a):
    "An action must be prosecuted in the name of the real party in interest."
- Discretionary factors considered by courts
  - Risk of retaliatory physical or mental harm to innocent non-parties.[1]
  - The extent to which the identity of the litigant has been kept confidential.[2]
  - The magnitude of the public interest in maintaining the confidentiality of the litigant's identity, or whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained.[3]
  - Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities.[4]
  - The undesirability of an outcome adverse to the pseudonymous party and attributable to the party's refusal to pursue the case at the price of being publicly identified.[5]
  - Whether the motivations of the party seeking to pseudonymously, or those opposing the use of a pseudonym, are illegitimate.[6]
  - Whether the defendant is a government authority.[7]
  - Whether the plaintiff risks prosecution for admitting to engage in illegal activity.[8]
  - Possible disclosure by plaintiff of information of "the utmost intimacy."[9]
  - Risk of injury to plaintiff if identified.[10]
  - Age of the litigants.[11]
  - Possible prejudice of defendant by plaintiff's use of a pseudonym.[12]

- Degree of economic harm to the plaintiff if her or his identity is known.13
- Whether less drastic means of preserving the plaintiff's interests are available.14
- Cases
  - Roe v. Bernabei & Wachtel PLLC, 85 F. Supp. 3d 89 (D.D.C. 2015)
    - Procedural Posture: Untimely motion for leave to proceed under a pseudonym
    - Law: Federal civil procedure; Copyright Act, 17 U.S.C. §§ 101 et seq.; RICO, 18 U.S.C. §§ 1961 et seq.; CFAA, 18 U.S.C. § 1030.
    - Facts: The Victim of sexual harassment captured one such incident on video and shared that video with certain coworkers. The video eventually became public due to her coworkers' Title VII claims against her employer. Plaintiff sued her coworkers and their employment law attorneys.
    - Outcome: Motion to proceed pseudonymously was denied because sexual harassment is not typically considered sufficiently personal as to warrant proceeding by pseudonym, because the suit was against third parties rather than the plaintiff's assailant, and because the plaintiff's name was already publicly associated with the video and the underlying incident.
  - Doe v. Cabrera, 307 F.R.D. 1 (D.D.C. 2014)
    - Procedural Posture: Plaintiff filed her Complaint and, at the same time, a motion to proceed under a pseudonym in D.C. Superior Court. Defendant removed to federal court and filed a motion seeking to prevent the plaintiff from proceeding under a pseudonym.
    - Law: D.C. tort law (assault, battery, and intentional infliction of emotional distress)
    - Facts: Plaintiff alleged that she was sexually assaulted by defendant.
    - Outcome: Court allowed the plaintiff to proceed pseudonymously throughout pretrial proceedings, but held that she would have to disclose her identity if the case went to trial.
  - Doe v. Oshrin, 299 F.R.D. 100 (D.N.J. 2014)
    - Procedural Posture: Unopposed motion to proceed under a pseudonym.
    - Law: 18 U.S.C. §§ 2255(a), 2252A(f), state tort law
    - Facts: Plaintiff alleged that the defendant surreptitiously produced pornographic images of her when she was a child and that those images were widely disseminated and circulated over the Internet.
    - Outcome: Motion to proceed by pseudonym was granted, particularly because of the highly sensitive, personal nature of the alleged harm, the public interest in maintaining the confidentiality of the plaintiff's identity in light of this sensitive subject matter, and the risk of continued and/or future harm in the event that the plaintiff's identity was publicly disclosed.

**EXHIBIT 2**



FILED
KING COUNTY, WASHINGTON
OCT 30 2012
SUPERIOR COURT CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MARTA LYALL,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>　　　　　　Defendants. | No. 11-2-16291-2 SEA<br>ORDER OF INJUNCTIVE RELIEF |

This matter came before the court on Plaintiff's Amended Complaint for Injunctive Relief. The court has considered the pleadings on file, and considered the argument of the parties. The court finds as follows:

1. On August 24, 2010, an Order for Protection, Anti-Harassment was entered in favor of Marta Lyall, Petitioner, against Noah David Simon, Respondent under cause 10-2-04392-6.

2. On January 28, 2011 Noah David Simon under cause 10-1-10211-2, was sentenced for the crimes of Harassment and Cyberstalking, the victim of both crimes being Marta Lyall.

3. On July 28, 2011 an Order for Protection, Anti-Harassment was entered in favor of Marta Lyall, against Sarah Levine Simon, the mother of Noah David Simon under cause number 11-2-16227-3.

4. In all of the above-referenced orders, the respondents were ordered to have no contact with the petitioner, either directly, or by third parties, nor to engage in other activity directed at respondent as set out in those orders.

ORDER ON INJUNCTIVE RELIEF -1   

5. Subsequent to those orders, Noah David Simon and Sarah Levine Simon, and other third parties at the Simons' request (Brian Cuban and Herbert Tichman) have made Public Records requests of the University of Washington for records relating to Marta Lyall. The evidence shows that the Tichman request was fraudulent, as he was deceased, but was acquainted with Sarah Simon.

6. The evidence demonstrates that the Simons are attempting to use the Public Records request process as means to circumvent the prohibitions set out in the Anti-Harassment Orders and Criminal Judgment referenced above.

7. There is no legitimate reason for these requests. Providing records to the Simons, or third parties on their behalf would cause the Simons to violate the Anti-Harrassment and/or Judgement and Sentence Orders.

Now, therefore, the court Orders as follows:

1. The University of Washington is permanently enjoined from providing any records referencing Marta Lyall to Noah David Simon, Sarah Levine Simon, Brian Cuban, or Herbert Tichman.

2. If any further requests are made for records relating to Marta Lyall, before disclosing any records, the University of Washington shall notify Marta Lyall at least six weeks in advance of release of the records to allow for her to determine whether to seek additional injunctive relief against such disclosure.

3. The University of Washington shall send the notification provided in paragraph 2 above to Marta Lyall at the last physical address, email address, telephone number, fax number, or other means of contact last provided by Marta Lyall.

DONE IN OPEN COURT this 30 day of October, 2012

JUDGE LAURA C. INVEEN

ORDER ON INJUNCTIVE RELIEF -2

# In the United States District Court
## for the District of Montana
Missoula Division

| | |
|---|---|
| LYL TRUST,<br><br>VS<br><br>CARNEGIE MELLON ET AL | Cause No. 9:22-cv-00123-DLC<br><br>**PROPOSED ORDER:**<br><br>Plaintiff's Motion to File and Proceed as "Trustee" |

**It is Ordered:**

The Court has reviewed the facts and pleadings for this Motion and grants Permission for the Plaintiff to file, as Trustee, for LYL Trust. The Court also grants the Plaintiff's request to remove her legal name, in any Docket Entries, Captions, or other filed documents in this case and replace it with: "Plaintiff: Trustee, for LYL Trust".

Signed: _____

Date_____