IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LYL TRUST, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON UNIVERSITY; RUSHMORE LOAN MANAGEMENT, LLC,<br><br>Defendants. | CV 22–123–M–DLC<br><br><br><br>ORDER |

Before the Court are Plaintiff's Motion to File and Proceed as "Trustee" (Doc. 6), Walter P. DeForest's Motion to Appear Pro Hac Vice (Doc. 8), and Defendant Carnegie Mellon University's Motion to Dismiss (Doc. 9) and Motion to Order Response (Doc. 11). For the reasons set forth herein, the Court will deny Plaintiff's motion and reserve ruling on Defendant's motions.

The plaintiff in this action is alternately styled as LYL Trust or the Trustee of LYL Trust. (Doc. 1 at 1; Doc. 6 at 1–2.) However, a non-attorney individual filed this action, proceeding pro se. (Doc. 6.) The Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789) provided that "in all the courts of the United States, the parties may plead and manage their own causes personally . . ." This same language is now found in 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such

1

courts, respectively, are permitted to manage and conduct causes therein." But a non-attorney "has no authority to appear as an attorney for others[,]" including a trust. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987).

      Rule 83.8 of the Local Rules for the District of Montana provides:

(a)  Any individual acting without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this court.  A self-represented person is bound by the federal rules and all applicable local rules.  Sanctions, including but not limited to entry of default judgment or dismissal with prejudice, may be imposed for failure to comply with local rules.

(b)  Any entity other than an individual, including but not limited to a corporation, an unincorporated association, a partnership, or a union, may appear only by an attorney.

Thus, an entity such as the Trust named in this matter may not proceed without an attorney.  As the only claims raised in this matter are brought on behalf of the Trust and the Trust cannot proceed without an attorney, this matter is subject to dismissal.  *See C.E. Pope*, 818 F.2d at 697–98 (affirming dismissal where pro se trustee appeared on behalf of trust); L.R. 83.8(b).

      Pursuant to Local Rule 83.8(a), an individual may appear pro se and bring claims personal to themselves.  The Complaint suggests that the claims alleged are personal to an individual, but that individual is not named.  If the claims are being brought on behalf of an unnamed individual, this would violate Rule 10(a)'s command that the title of every complaint "include the names of all the parties."

Fed. R. Civ. P. 10(a).  While the sole plaintiff in this matter (the LYL Trust) is subject to dismissal, out of an abundance of caution, the Court will allow an amendment to name an individual plaintiff or to obtain counsel for the Trust.  Any amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  Once an amended complaint is filed, it replaces the original complaint, and the original complaint no longer serves a function in the case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Plaintiff fails to timely comply with every provision of this Order, this action may be dismissed.  *Ferdik*, 963 F.2d at 1260–61 (court may dismiss an action for failure to comply with any order of the court).

Accordingly, IT IS ORDERED that Plaintiff's motion (Doc. 6) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall have until February 5, 2023 to either file an amended complaint naming an individual plaintiff or to obtain counsel to represent the LYL Trust.

IT IS FURTHER ORDERED that, at all times during the pendency of this action, Plaintiff must immediately advise the Court of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER ORDERED that the Court shall reserve ruling on

Defendant Carnegie Mellon University's motions (Docs. 8, 9, 11).  No further filings are required of Defendants until further order of the Court.

DATED this 5th day of January, 2023.

_____
Dana L. Christensen, District Judge
United States District Court