# United States Federal District Court of Montana
Missoula

| | |
|---|---|
| Marta Lyall<br>Plaintiff<br><br>V<br><br>Carnegie Mellon University, et al<br>Defendants | Case No: Cv 22-123-M-DLC<br>Judge: Dana Christensen<br><br>MOTION TO RECONSIDER:<br>Order dated January 4, 2023 |

### MOTION TO RECONSIDER

The Plaintiff respectfully asks the Court to Reconsider and Clarify details in the Order of January 4, 2023.

**Requests for clarification of the January 4, 2023 Order**

According to case law, local rules restricting an individual from filing as Trustee or Representing a Trust, were created to protect the Trust Beneficiaries interests, in litigation, where the Trustee may be acting as their representative in a court of law, (acting as an attorney). But in this case, the Plaintiff is the owner of the Trust, the Trustee, and the Beneficiary, so she does not represent other individual beneficiaries, she only represents herself.

The Plaintiff asks the court if the above clarifying facts change the need in the Order, of January 4, 2023, for the Plaintiff to change the name the Plaintiff on the complaint?

The Plaintiff also asks the court if the request in the Order, to "retype" her original complaint, and file it as an AMENDED complaint, is a request that she file an Errata? Or does the court give leave in this Order for the Plaintiff to Ammend her complaint?

**Additional Requests**

The Plaintiff did not reply to Defendant Carnegie Mellon's earlier motions, including their Motion to Dismiss, because she was waiting for an answer from the court on her preceding Motion to for Permission to Proceed as LYL Trust, Trustee, which was answered with the Order of January 4, 2023.

The Plaintiff asks the court for an extension to reply to the Defendant's Order because of the chronological order of the motions by the plaintiff and the defendants.

The Plaintiff asks the court to grant permission for her to file a Motion of Default against Defendant Rushmore Loan Management, as they have failed to appear in over 6 months in this case, but have acknowledged to the Plaintiff in July 2022 that they received her Waiver of Summons and her Complaint.

**Notice of Transfer and Join Motion**

Multiple events have occurred since the Plaintiff filed the case on July 13, 2022 which impact the facts in this case. These have been added to an Adversary case, Number 23-01008, filed in the US Bankruptcy Court, Western District of Washington, Seattle. The Plaintiff, has asked the Judge in the Adversary case, to Transfer and Join that case to this case for the following reasons:

1.
Rushmore Loan Management, (their partners and clients) are Defendants in that case, and this case. It would preserve court resources to have only one case with this Defendant, rather than two.

2.
Facts in this case, filed in July 2022, are relevant to the facts in the Adversary case.

3.
Defendant Carnegie Mellon University is implicated in the Adversary Case, and deeply intertwined with Defendant Rushmore Loan Management and their partners.

4.
There have been multiple new actions of retaliation against the Plaintiff, (Trustee), since she filed this case in July 2022, (See the Adversary Complaint attached to this Motion).

If the Bankruptcy Court grants the Plaintiff's Motion to Transfer and Join the Adversary Case to this Case, the Plaintiff would then need to Amend her complaint.

The Adversary complaint does address Jurisdictional and Venue issues, related to the Defendants in this case.

The Plaintiff respectfully asks this Court, to consider the above issues, in reconsidering the Order of January 4, 2023.

**The Plaintiff seeks the following Relief in this Reconsideration**

1.
The Plaintiff asks this Court to grant leave for the Plaintiff to Amend her Complaint, because of the new facts that have arisen impacting this case, since July 2022, as outlined in the Adversary Complaint, (attached).

2.
The Plaintiff asks the Court to advise the Plaintiff regarding her proceeding as LYL Trust, Trustee, reflecting on the above facts that she is both beneficiary and Trustee, of LYL Trust, so not representing other beneficiaries interests. Would this allow her to proceed as the Trustee of LYL Trust? Or if the Court still feels, after considering these facts, she still should change the Plaintiff to a Pseudonym, (Jane Doe), or her Legal name, for safety reasons described in her Motion to Proceed as LYL Trust, Trustee?

3.
The Plaintiff also asks the Court to reflect on the retaliation she has suffered since she filed her case in this court, (some are outlined in the Adversary Complaint, attached), and her 27 YR history of retaliation from Carnegie Mellon University, including criminal convictions where she was the victim.

4.
Given these new facts, the Plaintiff asks that IF the Court feels she must Change the Plaintiff name from LYL Trust, Trustee, that she be allowed, for safety, to proceed as Jane Doe.

5.
The Plaintiff asks the court to grant her permission to file a Motion of Default against Defendant Rushmore Loan Management, for their failure to appear in this case.

Respectfully,

*M D. Lyu*

Plaintiff, LYL TRUST, Trustee
February 3, 2022