# United States Bankruptcy Court for the Western District of Washington,
Seattle

| | |
|---|---|
| Marta Lyall<br><br>V<br><br>Rushmore Loan Management et al. | Case No: 23-01008<br>Judge:  Christopher M. Alston<br><br>**Motion to Transfer and Join Adversary Case to Montana Federal District Court Case.**<br><br>ERRATA |

## MOTION to TRANSFER and JOIN

### Parties

#### Defendants

**Rushmore Loan Management,**
15480 Laguna Canyon Rd, Irvine, CA 92618

and their client:

**Bank of America,**
PO Box 15047, Wilmington, DE 19850 attn: legal processing

**Jason Wilson-Aguilar**, Chapter 13 Trustee, US Bankruptcy Court of Washington, Western District, Seattle

**Mary Lisa Lewandowski**, Regional Commissioner for the Social Security Administration, Denver and Seattle **Regions**, Seattle District Office, 300 Fifth Avenue, Ste 1110, Seattle, WA 98104

**Kimberly Williams, Office of the Customer Advocate,** Federal Student Aid, PO Box 300003, Greenville, TX74503

**Jane and John Doe**, Humana Medicare Advantage
Plaintiff reserves the right to add as Defendants, 2 Jane and John Does, from Blackstone, Inc, and Blackrock, NYC, NY, partners of Bank of America.

**Plaintiff**
Marta Lyall, Former tenure-track professor at Carnegie Mellon University, Founder of io-Haptik LLC, a Montana Corporation, Citizen of Washington State.

### Introduction

Motion To Transfer Adversary Case to Montana Federal District Court Case
**Hearing Date**: February 24, 2023
Proposed Order: Attached

### Plaintiff requests this Adversary Case be joined to her active Montana Federal District Case:

The Plaintiff requests this court transfer this Adversary case to Montana Federal District Court, Missoula, and that it be joined to Plaintiff's CASE No: Cv 22-123-M-DLC, Montana District court, Missoula Division, where defendant Rushmore Loan Management is already named as a Defendant and where they are in Default for not responding to the Waiver of Summons notice, they received in July 2022, which they acknowledged receiving. (**Exhibit A**)

The Plaintiff asks that the adversary case be transferred to Montana District Court, under **28 USC Code § 1412**, which allows Adversary cases in Bankruptcy court to be transferred to district court for decision, if it is in the interest of Justice or for the convenience of the parties. After April 1, 1984, it may be argued that **28 USC Code § 1334** continues to provide a basis for District Court to serve as the original jurisdiction over bankruptcy matters, independent of the provision of the 1978 Act of Article III.

Furthermore, it is important to note that [28 U.S.C. § 1367](#) provides for [supplemental jurisdiction](#) in federal courts. Supplemental jurisdiction allows a federal court to adjudicate a claim over which it does not have independent subject-matter jurisdiction, on the basis that the claim is related to a claim over which the federal court does have independent jurisdiction.

**The Right for Plaintiff to litigate in Washington and Montana District court.**

**Regarding Carnegie Mellon University's (CMU) personal jurisdiction.**

Carnegie Mellon University is a Defendant in the Federal District court in Montana. Minimum contact establishing personal jurisdiction applies to Washington state for CMU, because of their constant contact with the University of Washington, during the a Smear Campaign against the Plaintiff, which occurred between 2009-2012, in part through the Public Record's Department, and administrators, as revealed via a Public Records Act Request made by the Plaintiff, showing they arranged her hiring by the University of Washington so she could be further retaliated against, which did occur.

CMU must have significant contact with Charles Hoskinson whose company's foundation Project Catalyst, provided funding for the Plaintiff's project, which is the basis of IO-Haptik, LLC, a Montana corporation. Federal constitutional issues are at hand in this Adversary case, so there is subject matter jurisdiction. The Plaintiff had months of engagement via zoom calls and Discord communications and Twitter with Cardano and Project catalyst employees and participants. Cardano is a project which was formed under Charles Hoskinson's IOG company. The Plaintiff was targeted in multiple forums engaged from all states and multiple countries in Cardano and Project Catalyst related platforms after Carnegie Mellon University became engaged with Charles Hoskinson. Contact was virtual. This establishes Personal Jurisdiction for all parties. The Plaintiff lives in Washington State, and participated in these platforms from Washington State.

**Plaintiff's Citizenship and Venue**

Federal court does not require that the Plaintiff filing live in the district of the District Court where she files. But plaintiff has a connection to Montana, including familial, ancestral, and business. The Plaintiff's business connection to Montana, includes the Plaintiff's business, IO-Haptik, LLC, which has its originating jurisdiction in Montana.

**Personal Jurisdiction is applied to Defendant Rushmore Loan Management** as they represent the interests of Bank of America, their partners, and their currently stated beneficiary, Truman LLC in the current wrongful foreclosure action. The Montana Federal District case is a Diversity Case.

**US Bill of Rights, Seventh Amendment** allows the Plaintiff to request a jury trial of issues involving Breach of Contract, which is part of her complaint against Carnegie Mellon University and Rushmore Loan Management, et al. The Montana District Case allows for a Jury Trial. The US Bankruptcy case can not rule on the constitutional rights which have been violated in the Plaintiff's case.

"The Court held that, even though the claim for legal relief was characterized by the district court as "incidental" to the equitable relief sought, the [Seventh Amendment](#) required that the factual issues pertaining to whether there had been a breach of contract to be tried before a jury. Thus, the rule emerged that legal claims must be tried before equitable ones, and before a jury if the litigant so wished.

In Ross v. Bernhard, the Court further held that the right to a jury trial depends on the nature of the issue to be tried, rather than the procedural framework in which it is raised. The case involved a stockholder derivative action, which had always been considered to be a suit in equity. The Court agreed that the action was equitable, but concluded that it involved two separable claims. The first, the stockholder's standing to sue for a corporation, was an equitable issue; the second, the corporation's claim asserted by the stockholder, may be either equitable or legal.15 Because the Federal Rules of Civil Procedure merged law and equity in the federal courts, there was no longer any procedural obstacle to transferring jurisdiction to the law side once the equitable issue of standing was decided. Thus, the Court continued, if the corporation's claim that the stockholder asserted was legal in nature, it should be heard on the law side and before a jury."

**Relief Sought**

The Plaintiff asks the Federal Bankruptcy Court of Western Washington move and transfer her Adversary case to Montana Federal District Court, Missoula, and to be joined to her case there:  CASE No: Cv 22-123-M-DLC

The Plaintiff also asks that the outcome and facts of the Jury Trial in Montana Court, be used to determine the values for the Plaintiff's Debts and Income in this Chapter 11 case.

This relief is sought for economy of the Court's resources and Justice, considering the Chapter 13 Trustee is listed as a Defendant in this Adversary case.

*M.D.Lyll*

Marta Lyall, Plaintiff
February 4, 2023