IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LYL TRUST,<br><br>                    Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON<br>UNIVERSITY; RUSHMORE LOAN<br>MANAGEMENT, LLC,<br><br>                    Defendants. | CV 22–123–M–DLC<br><br><br>ORDER |

Before the Court is Marta Lyall's Motion to Reconsider Order Dated January 4, 2023.  (Doc. 13.)  This Court previously warned that the sole plaintiff in this matter as originally filed, LYL Trust, was subject to dismissal, but allowed "an amendment to name an individual plaintiff or to obtain counsel for the Trust" on or before February 5, 2023.  (Doc. 12 at 2.)  The Court's order warned that failure to timely comply with every provision of the order may result in dismissal of the action.  (*Id.*)  On February 3, Marta Lyall instead filed the instant response, which raises several issues.  (Doc. 13.)  The Court will address each in turn.

First, Lyall states that she is the owner of LYL Trust, its Trustee, and its Beneficiary, so "she only represents herself" in seeking to proceed pro se on behalf of the trust.  (Doc. 13 at 1.)  She argues that rules restricting a non-attorney from litigating on behalf of a trust are intended to protect trust beneficiaries and "asks

1

the court if the above clarifying facts change the need" for amendment.  (*Id.*)  The answer is no.  The text of Local Rule 83.8 is clear.  If Lyall wishes to proceed pro se, she must file an amended complaint naming herself as the plaintiff.

Second, Lyall states that she did not respond to Defendant Carnegie Mellon University's motion to dismiss "because she was waiting for an answer from the court on her preceding Motion to for [sic] Permission to Proceed as LYL Trust, Trustee[.]"  (Doc. 13 at 1.)  She requests an extension of time to respond to the motion to dismiss as well as leave to file a motion for default against Defendant Rushmore Loan Management.  (*Id.* at 1–2.)  The Court will not act on these requests at this time because Lyall has not yet filed an amended complaint that complies with this Court's previous order, and thus this entire action remains subject to dismissal.

Third, she asserts that she has filed an adversary complaint against Rushmore Loan Management in the United States Bankruptcy Court in the Western District of Washington, and she has filed a motion in that case to transfer the adversary case to this Court and join it with this case because "[f]acts in this case . . . are relevant to the facts in the Adversary case."  (Doc. 13 at 2.)  Accordingly, she requests leave to amend her complaint.  (*Id.*)  To the extent the Court's previous order requires any clarification on this subject, Lyall <u>must</u> file an amended complaint naming herself as the plaintiff if she wishes to proceed pro se,

2

and she <u>may</u> amend the substance of the complaint in doing so.  Lyall is cautioned

to comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure in

filing an amended complaint.

Finally, Lyall requests leave to proceed under a pseudonym based on

"retaliation" she has suffered from Defendant Carnegie Mellon University.  (Doc.

13 at 2.)  She claimed in her earlier motion to proceed as LYL Trust that she "has a

new business," and the defendants "take actions to use 'Lawfare'" and "publish

protected private information about [her] on the internet." (Doc. 6 at 2.)  Parties

may proceed anonymously in the "unusual case" when nondisclosure of the party's

identity is necessary to protect her from harassment, injury, ridicule, or personal

embarrassment.  *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

1067–68 (9th Cir. 2000).  In cases where a pseudonym is requested to shield the

party from retaliation, the Court must consider the severity of the threatened harm,

the reasonableness of the anonymous party's fears, and the anonymous party's

vulnerability to such retaliation.  *Id.* at 1068.  Lyall identifies orders of protection

and an injunction dated from 2010 to 2012, which prohibited several individuals

from harassing Lyall and prohibiting the University of Washington from providing

records referencing Lyall to those individuals.  (Doc. 6 at 6–7.)  She asserts that

these individuals were associated with Defendants, but the only concrete

association she identifies is that one of the individuals is from Pittsburgh.  (*Id.* at

1–2.)  Under these circumstances, although it appears that Lyall suffered significant harassment in the past, such harassment took place more than ten years ago; the link between this harassment and her litigation against Defendants is speculative at best; and Lyall has not identified any characteristics that make her especially vulnerable to community retaliation.  Additionally, she does not explain why she must proceed pseudonymously in this lawsuit when she has filed suit against these Defendants in several other courts under her real name both before and after she filed this lawsuit.  (*E.g.*, Doc. 10-2, Doc. 13-1.)  Lyall appears to be most concerned with retaliation by Defendants or their associated parties, but that horse has left the barn.  Accordingly, the Court will deny her request to proceed under a pseudonym.

Lyall is warned for the final time that if she fails to timely comply with every provision of this Order, this action will be dismissed.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).  The Court has taken judicial notice of Lyall's pro se filings in previous litigation in other courts against these defendants and has identified a pattern of Lyall's failure to comply with court-ordered deadlines, last-minute or belated requests for extensions of time, repeated requests for reconsideration, and interlocutory appeals that are meritless or that are dismissed for failure to prosecute.  *See, e.g.*, *Lyall v. U.S. Bank Nat'l Ass'n*, No. 2:17-cv-472-RAJ (W.D. Wash.); *Lyall v. Bank of Am.*, No. 2:19-cv-1506 (W.D.

Wash.).  Accordingly, the Court is acutely aware of the substantial risk of prejudice to Defendants if Lyall's failure to comply with Court-ordered deadlines and rules of procedure is excused based on her pro se status.  No further last-minute requests for extensions of time, reconsideration, or "clarification" will be entertained.

Accordingly, IT IS ORDERED that Lyall's motion for reconsideration (Doc. 13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall have until March 15, 2023 to file an amended complaint that complies with this order, the Court's previous order (Doc. 12), the Federal Rules of Civil Procedure, and the Local Rules of the District of Montana.

IT IS FURTHER ORDERED that, at all times during the pendency of this action, Plaintiff must immediately advise the Court of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER ORDERED that the Court shall continue to reserve ruling on Defendant Carnegie Mellon University's motions (Docs. 8, 9, 11).  No further filings are required of Defendants until further order of the Court.

DATED this 15th day of February, 2023.

 

Dana L. Christensen, District Judge
United States District Court