IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTA LYALL,<br><br>                    Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON<br>UNIVERSITY,<br><br>                    Defendant. | CV 22–123–M–DLC<br><br><br><br>ORDER |

Plaintiff has filed an amended complaint in this matter.  (Doc. 17.) Accordingly, the Court will deny Defendant's Motion to Dismiss (Doc. 9) the original complaint and Motion to Order Response (Doc. 11) as moot.  Defendant shall be ordered to respond to the Amended Complaint on or before April 6, 2023.

Plaintiff also has filed a "Reply to Order of February 16, 2023" (Doc. 16), in which she responds to the Court's order denying leave to proceed pseudonymously (Doc. 14) and sets forth additional allegations in support of her request, and a "Notice of Disqualification" (Doc. 18), which requests that the undersigned recuse himself or be disqualified from presiding over this case, asserts that the Court's February 15 order "is null and void[,]" and renews her request to proceed pseudonymously.  To the extent these filings are construed as motions seeking disqualification and/or reconsideration, the motions will be denied.

1

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The standard for recusal under 28 U.S.C. [§ 455] is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation omitted). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). Section 455 is limited by the "'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Id.* at 913–14. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff argues that the Court's "initial ignoring of this case for six months prior to responding to the Plaintiff's motion shows prejudice against the Plaintiff's case Prima Facie" and cites several statements in the Court's previous ruling (Doc. 14) as "unnecessary" and "telegraph[ing] to the public and to any officer in the court, or future attorney, that he had already ruled on this case[.]" (Doc. 18 at 1.)

2

Neither of these bases would cause a reasonable person to question the undersigned's impartiality.

The Court understands that Plaintiff is proceeding pro se and thus may have more limited access to legal research materials than a licensed attorney would have; however, Plaintiff's initial filing of this case in the name of an entity (rather than as an individual) and lack of citations to legal authority in her motion for leave to proceed pseudonymously (Doc. 6) required the Court to conduct its own research into applicable law in order to resolve the motion correctly.  Such research takes time, in addition to ordinary waiting times all litigants experience while the Court is working on earlier-filed civil cases as well as adjudicating criminal cases, which generally have a strict 70-day time limit between arrest and trial.  The Court wishes to assure Plaintiff that the delay between the filing of Plaintiff's motion and the Court's ruling was attributable to the Court's schedule and the Court's efforts in this case to determine whether and how this case could proceed under the unique circumstances presented, not any prejudice against Plaintiff.

Regarding Plaintiff's citation to the Court's statements in its previous ruling (Doc. 14), two of those statements concern the Court's findings as to the factors it must consider when deciding whether to allow a party to use a pseudonym to shield the party from retaliation, including the reasonableness of the party's fears

and the party's vulnerability (for example, as a minor child).  (Doc. 14 at 3–4.)

The Court's findings were reasonable based on the record before it at the time of

the ruling, and Plaintiff's subsequent assertions—including that proceeding under

her real name will give "Defendant and their partners . . . formal license to unleash

a massive team of contractors" to harm her, but "[i]f she litigates under a

pseudonym, they can not legally do this" (Doc. 16 at 1)—do not persuade the

Court that its prior ruling should be revisited.

The other statement concerns the substantial risk of prejudice to

Defendants—in particular, incurring significant defense costs—if Plaintiff is

excused from compliance with applicable law and rules based on her pro se status

in light of the facts that Plaintiff has previously litigated in federal court, including

against this Defendant, and has failed to comply with court orders, court rules, and

deadlines in this case and others.  (Doc. 14 at 4–5.)  Such a finding is legally

relevant and necessary when considering whether a district court may dismiss an

action for failure to comply with a court order, *see Ferdik v. Bonzelet*, 963 F.2d

1258, 1260–61 (9th Cir. 1992), and it was made in the context of warning Plaintiff

of the possibility of dismissal if she failed to comply with the deadline to file an

amended complaint set forth in the order.  (Doc. 14 at 4–5.)  It was not an

expression of lack of concern toward, or bias against, Plaintiff.  (Doc. 18 at 1.)

Plaintiff further argues that "[j]udges do not have discretion not to disqualify

themselves" and, "should the court not follow the law as to non-represented litigants" like Plaintiff, "then the judge has expressed an 'appearance of partiality' and, under the law, it would seem that he/she has disqualified him/herself." (Doc. 18 at 1–2.) While true that a judge must recuse "when the law and facts require," a judge also is bound "to hear cases when there is no reasonable factual basis for recusal." *Holland*, 519 F.3d at 912. As discussed above, there is no reasonable factual basis for recusal in this case. Accordingly, Plaintiff's request will be denied.

IT IS ORDERED that Defendant's motion to dismiss (Doc. 9) and motion to order response (Doc. 11) are DENIED as moot.

IT IS FURTHER ORDERED that Defendant shall answer or otherwise respond to the Amended Complaint (Doc. 17) on or before April 6, 2023. If Defendant files a motion to dismiss the Amended Complaint, the briefing schedule shall follow Local Rule 7.1(d).

IT IS FURTHER ORDERED that, at all times during the pendency of this action, Plaintiff must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 16th day of March, 2023.

Dana L. Christensen, District Judge
United States District Court