Jeffrey M. Roth
Victoria Nickol
CROWLEY FLECK PLLP
305 S 4th St E
Missoula, MT  59801
Phone: (406) 523-3600
jroth@crowleyfleck.com
tnickol@crowleyfleck.com

Walter P. DeForest, III
Oscar L. Heanue
DEFOREST KOSCELNIK & BERARDINELLI
436 7th Ave., 30th Fl.
Pittsburgh, PA  15219
Phone: (412) 227-3101
deforest@deforestlawfirm.com
heanue@deforestlawfirm.com

*Attorneys for Defendant Carnegie Mellon University*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION**

| MARTA LYALL,<br><br>Plaintiff,<br><br>v.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>Defendant. | Case No. CV-22-123-M-DLC<br><br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
|---|---|

Defendant Carnegie Mellon University ("Carnegie Mellon"), a Pennsylvania nonprofit corporation, by its undersigned counsel, hereby files the following Reply Brief in Support of Defendant's Motion to Dismiss.

1

I. **Personal Jurisdiction over Carnegie Mellon University Does Not Exist in the United States District Court for the District of Montana—(Fed. R. Civ. P. 12(b)(2)).**

Pages 1-13 of Defendant's Brief in Support of Motion to Dismiss First Amended Complaint Under Rules of Civil Procedure 12(b)(2), 12(b)(6) and 12(b)(3) (hereinafter "Defendant's Brief") demonstrated that Plaintiff had the burden of establishing personal jurisdiction once a motion asserting lack of personal jurisdiction was filed.  Defendant's Brief went even further and showed why neither general jurisdiction nor specific jurisdiction existed under both Montana law and federal law.

Plaintiff does not address any of the statutory or case law cited in those 13 pages of Defendant's Brief.  Plaintiff's Brief in Reply to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Brief") proceeds on the incorrect assumption that alleging in the Amended Complaint that rights granted under the United States Constitution have been violated provides personal jurisdiction over the Defendant.  That is simply wrong as the undisputed United States Supreme Court and Ninth Circuit precedent on pages 11-13 of Defendant's Brief establish.  Plaintiff's reliance upon supplemental jurisdiction confuses the issue of subject matter jurisdiction over state law claims with personal jurisdiction over the Defendant.

II. **Plaintiff's First Amended Complaint Fails to State Any Claim for Which Relief May Be Granted—(Fed. R. Civ. P. 12(b)(6)).**

Plaintiff's allegation that after she entered a settlement agreement whereby she resigned and explicitly agreed never to apply for employment or to be employed at Carnegie Mellon or its subsidiaries in the future (Section 3 of Exhibit C to Amended Complaint), Carnegie Mellon and the Federal Government spent the next 22 years fixated upon injuring her and her dog, including trying to financially harm her, is conclusory speculation that fails to overcome the merits of Defendant's motion. *See* page six of the Amended Complaint wherein Plaintiff asserts regarding, *inter alia*, the Cardano Foundation that "she does not believe that they would have acted this way [belittled her technical contributions] had they not been influenced to do so by Carnegie Mellon University, and their Federal funders, overseers and cohorts." As explained in Defendant's Brief at 16, the First Amended Complaint alleges no facts that show post-settlement agreement actions by any employees of Carnegie Mellon, but only acts by third parties which Plaintiff theorizes were somehow motivated by Carnegie Mellon. Such conclusory allegations "are not entitled to the assumption of truth" and can be ignored. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's Brief at 5 claims that Carnegie Mellon could be vicariously liable for supposed actions of a third party (Charles Hoskinson) who gave Carnegie Mellon a major gift, which allegedly violated Plaintiff's constitutional rights. That is simply erroneous. There is no vicarious liability for someone who is not an employee or agent acting within the

scope of their employment or agency. A donor does not become an employee or an agent by reason of such a donation. No facts are pled which establish that Mr. Hoskinson is either an employee or agent of Carnegie Mellon University. Furthermore, Plaintiff erroneously claims that Carnegie Mellon, which is a private university (Plaintiff's Brief at 2; Affidavit of Daniel McNulty Ex.1 to Defendant's Brief), violated her Constitutional rights. Plaintiff does not understand that being a recipient of federal research grants does not make a university a state actor. *Heineke v. Santa Clara U.*, 965 F.3d 1009,1013 (9th Cir. 2020).

### III. The First Amended Complaint Fails to State a Claim for Tortious Interference with a Contract or a Business Opportunity.

As set forth in Defendant's Brief at 16, facts have not been alleged that show any employee of Carnegie Mellon was involved in any actions subsequent to the settlement agreement, which contained a release. Plaintiff's Brief points to no such facts. It is only Plaintiff's conjecture that persons who were not employees of Carnegie Mellon were somehow agents of Carnegie Mellon, and that they carried out attacks against Plaintiff and her dog after Carnegie Mellon entered a settlement to disengage from Plaintiff.

Plaintiff presents no legal argument against the principle that there is no private right of action under the Ethics in Government regulations, found in Defendant's Brief at 18-20.

Plaintiff, likewise, presents no response to Defendant's arguments that (a) Plaintiff has not pled a civil conspiracy, (b) Plaintiff has not sufficiently pled defamation or intentional infliction of emotional distress, (c) Plaintiff's breach of Settlement Agreement allegations are time-barred, and (d) a Section 1983 action would fail because Carnegie Mellon is not a state actor.

## IV. Plaintiff Ignores the Provisions of 28 U.S.C. 1391 Which Establish Venue Is Improper Here.

Under 28 U.S.C. §1391 (b)(1), this action could be brought in the United States District Court for the Western District of Pennsylvania where Carnegie Mellon University is located. Affidavit of Daniel McNulty Ex.1 to Defendant's Brief. Subsection (b)(2) of 28 U.S.C. §1391 is inapplicable since no events or omissions occurred in Montana. Subsection (b)(3) is inapplicable for two reasons, because there is another District where venue exists and because the District of Montana does not have personal jurisdiction over Carnegie Mellon University as set forth on pages 1-13 of Defendant's Brief.

## V. Res Judicata Bars Plaintiff's Amended Complaint.

Defendant agrees with Plaintiff that the District of Washington Complaint did not refer to Cardano Blockchain Project IO-Haptik and Charles Hoskinson. Undersigned Defense Counsel (Walter De Forest) who represented Carnegie Mellon in that case erroneously recalled that it did and apologizes for that error. However, the other allegations directed toward Carnegie Mellon are largely the

same between the two cases, including post-Carnegie Mellon employment allegations[1] relating to Noah Simon, Brian Cuban and, most importantly for this purpose, Mark Cuban. In the Amended Complaint in the present case, Plaintiff also claims that same Mark Cuban was engaging with Charles Hoskinson (both "influential billionaires") regarding "Cardano." Thus, the allegations of the present case are an extension of the dismissed District of Washington Amended Complaint. Page four of the dismissed Amended Complaint in the District of Washington suit stated regarding the alleged mistreatment of Ms. Lyall: "In order to carry out those outrageous actions the defendants strongly defended employees who later were investigated on charges of bio-terrorism and carried out the creation of violent pornography where women were tortured. They willfully committed fraud, impersonated and stalked the Plaintiff, threatened the Plaintiff, invaded her privacy, intentionally inflicted emotional harm on her, took away her right to peacefully enjoy her life, home and her friendships and interfered with her healthcare." Ex. 2 to Defendant's Brief.

---

[1] Plaintiff suggests that under Pennsylvania and Washington state rules of civil procedure there exists a mechanism for her to re-open and relitigate the issues settled in her Settlement Agreement based upon her allegations of fraud and new evidence. However, the operative rules applicable to the 2000 Settlement Agreement and consented to judgment of dismissal (Section 8 of Exhibit C to the First Amended Complaint) are Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3). Under these rules, such a request must be made within one year of the judgment or the date of the proceedings (*see* Rule 60(c)(1)), not twenty-two years later.

That was essentially the same theory that Plaintiff advances in the present First Amended Complaint.  Under Montana Law, *res judicata* bars a Plaintiff from relitigating a claim where: (1) the parties or their privies are the same; (2) the subject matter of the past and present actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the parties are the same to the subject matter and issues between them.  *Touris v. Flathead Cnty.*, 258 P.3d 1, 4 (Mont. 2011) (citations omitted).  Here, the parties (Ms. Lyall and Carnegie Mellon University) and their capacities as they relate to Plaintiff's allegations are clearly identical to those in the action which was dismissed by the Western District of Washington.  A subsequent claim deals with the same subject matter and issues where the matter can be "boiled down to the same key fact" or have the same  "underlying factual basis," and the Plaintiff's claims are rooted in similar issues to the prior action.  *Schweitzer v. City of Whitefish*, 383 P.3d 735, 739 (Mont. 2016).  Here, Plaintiff alleges the same underlying factual basis for her claims – that Defendant has been engaged in a nefarious scheme to injure her since she left Carnegie Mellon University.  The fact that Plaintiff now adds additional layers to her story does not change the fact that the underlying basis and issues in the current action are substantively the same as that of the action which was dismissed by the Western District of Washington.

## VI. The Pornography Study of the Internet Published by the Georgetown Law Journal Does Not Provide a Basis to Deny the Defendant's Motion to Dismiss.

Plaintiff has introduced a study by a student Carnegie Mellon researcher (that on its face indicates that it was published in a respected law journal and updated in July 1995) describing the status of pornography as evolved by the inception of public use of the internet. (*See also* Georgetown Law Journal, Vol. 83, No. 5, June 1995.)  Plaintiff claims that this study was concealed from her—despite the fact that it was openly published before Plaintiff was employed.  None of this changes the conclusion that Defendant's Motion to Dismiss should be granted.  This was a study of the internet.  It was factual and accepted for publication by a respected third party.  There was no impropriety here – much less one directed toward Plaintiff.  Further, the Settlement Agreement executed in September 2000 by Plaintiff and the counsel representing her in that case states that it: "irrevocably and unconditionally remises, releases, settles, compromises and forever discharges any and all manner of suits, actions, causes of action, damages and claims, known and unknown…."  Thus, if Plaintiff somehow had a claim based upon the 1995 study, which does not refer to her, she released it.

DATED this 9th day of May, 2023.

CROWLEY FLECK PLLP

By: */s/ Jeffrey M. Roth*
    Jeffrey M. Roth
    Victoria Nickol

DEFOREST KOSCELNIK & BERARDINELLI

By: */s/ Walter P. DeForest*
    Walter P. DeForest
    Oscar L. Heanue

*Attorneys for Defendant Carnegie Mellon University*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this filing contains 1,721 words, excluding the caption and certificates of service and compliance.

*/s/ Jeffrey M. Roth*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I filed the above with the Court's CMS/ECF system, which will send notice to each party.

*/s/ Jeffrey M. Roth*