IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTA LYALL,<br><br>          Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>          Defendant. | CV 22–123–M–DLC<br><br><br><br>ORDER |

Before the Court are Defendant Carnegie Mellon University's ("Carnegie Mellon") Motion to Dismiss for Lack of Jurisdiction (Doc. 26) and Plaintiff Marta Lyall's Motion to Object and Strike (Doc. 32). For the reasons set forth herein, Carnegie Mellon's motion to dismiss is granted and Lyall's motion to object and strike is denied as moot.

## BACKGROUND

Carnegie Mellon is a not-for-profit, private university located in Pittsburgh, Pennsylvania, where it has its headquarters and maintains its principal place of business. (Doc. 27-1 at 3.) Carnegie Mellon employed Lyall from approximately 1995 to 1999 as a tenure track professor. (Doc. 17 at 4.)

Lyall filed the Amended Complaint that is the subject of the present motion to dismiss on March 15, 2023. (Doc. 17.) In the Amended Complaint, Lyall

1

alleges that Carnegie Mellon violated Lyall's Fourteenth Amendment rights by "participat[ing] in intentional tortious interference with [Lyall's] contractual relations." (*Id.* at 2–3.)  Specifically, Lyall appears to allege that Carnegie Mellon terminated her tenure track position in retaliation for her reports of the "outrageous and harmful" behavior she witnessed. (*Id.* at 4.)  Lyall additionally appears to allege that Carnegie Mellon hired a personal relations firm to carry out attacks and defame her on the internet and that Carnegie Mellon interfered with a contract she entered into with a third-party in 2021. (*Id.* at 5–7.)  Lyall does not claim that any of the alleged harms she suffered took place in Montana.

    Defendant Carnegie Mellon filed the present motion to dismiss arguing that (1) this Court lacks personal jurisdiction over Defendant; (2) Plaintiff's Amended Complaint fails to state a claim for which relief may be granted; (3) venue is improper; (4) and Plaintiff's claims are barred by res judicata. (Doc. 27 at 1.)

## ANALYSIS

    Because it is dispositive, the Court need only address the issue of personal jurisdiction.  The Federal Rules of Civil Procedure authorize a motion to dismiss for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Lyall bears the burden of establishing this Court's personal jurisdiction over the Defendants, but because the Court has not held an evidentiary hearing, Lyall "need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374

F.3d 797, 800 (9th Cir. 2004). Jurisdictional facts are derived largely from the complaint, unless controverted by a declaration or affidavit. *Id.* Applying this standard, the Court finds it must grant Carnegie Mellon's motion.

The bounds of this Court's personal jurisdiction are governed by Montana law and the Constitution. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). The relevant state law provision is Montana's long-arm statute—Montana Rule of Civil Procedure 4(b). *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 578 (9th Cir. 2011). The relevant constitutional provision is the Fourteenth Amendment's Due Process Clause. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

When assessing its personal jurisdiction, the Court asks whether: (1) Montana's long-arm statute permits the exercise of personal jurisdiction; and (2) if so, whether due process is nonetheless offended. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). Montana's long-arm statute "permits the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process," so "the jurisdictional analyses under [Montana] law and federal due process are the same." *King*, 632 F.3d at 578–79.

The Court's analysis hinges on whether Carnegie Mellon has a sufficient relationship to Montana, such that "the maintenance of the suit . . . does not offend

3

traditional notions of fair play and substantial justice." *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). That focus has led to the recognition of "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.* Both are at issue in this case and the Court will discuss each in turn.

### A. General Personal Jurisdiction.

As its name conveys, general personal jurisdiction is the broader of the two types of personal jurisdiction identified above. This sort of personal jurisdiction attaches based on a defendant's relationship with Montana, irrespective of whether the lawsuit has anything to do with events or conduct occurring here. *Id.* In other words, this Court may exercise general personal jurisdiction over a Montana defendant for a lawsuit "concern[ing] events and conduct" occurring "anywhere in the world," and having nothing at all to do with Montana. *Id.*

The Due Process Clause tolerates this "sweeping jurisdiction" only because it requires a "select set of affiliations" between a defendant and Montana such that the defendant is "essentially at home" here. *Id.*; *see also* Mont. R. Civ. P. 4(b)(1) (stating "All persons found within the state of Montana are subject to the jurisdiction of Montana courts"); *Tackett v. Duncan*, 334 P.3d 920, 925 (Mont. 2014) (noting that this language in Rule 4(b)(1) is Montana's statement of general

jurisdiction). This standard "is high," and, to reiterate, requires a "defendant [to] not only step through the door," but "sit down and make itself at home." *King*, 632 F.3d at 579.

For an individual, the inquiry is simple because a defendant is only "at home" where they live. *Ford Motor Co.*, 141 S. Ct. at 1024. The situation is more complicated for corporate defendants because they are "at home" in both their "place of incorporation and principal place of business." *Id.* Further, the Supreme Court has left open "the possibility that in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

The Court finds no basis for the exercise of general personal jurisdiction over Carnegie Mellon in this case. Carnegie Mellon is not at home in Montana; it is located in Pittsburgh, Pennsylvania, where it maintains its headquarters and personal place of business. (Doc. 27-1 at 3.) Lyall has not alleged facts to establish that Carnegie Mellon has substantial operations in Montana such that the Court could determine that there are a "select set of affiliations" rendering Carnegie Mellon "essentially at home" in Montana. Consequently, the Court turns its attention to whether there is specific personal jurisdiction.

5

B.      **Specific Personal Jurisdiction.**

As with general jurisdiction, Montana's long-arm statute establishes the bounds for specific jurisdiction as a matter of state law. *Tackett*, 334 P.3d at 925 (citing Mont. R. Civ. P. 4(b)(1)). This statute delineates a variety of acts, which if committed in Montana, subject the actor to specific personal jurisdiction for suits relating to those acts. *Buckles ex rel. Buckles v. Cont'l Res., Inc.*, 402 P.3d 1213, 1217 (9th Cir. 2017); *see also* Mont. R. Civ. P. 4(b)(1)(A)–(G).

The federal due process inquiry asks similar questions, including whether: (1) "the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum;" and (2) "the claim arises out of or results from the defendant's forum-related activities." *Caddy*, 453 U.S. at 1155. But, for the due process inquiry, the Court must also ask whether the exercise of specific jurisdiction is "reasonable." *Id.* If any of the questions are answered in the negative, "jurisdiction in the forum would deprive the defendant of due process of law." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Carnegie Mellon argues that because Lyall has not alleged that Carnegie Mellon engaged in any of the acts specified in Mont. R. Civ. P. 4(b)(1), she must show that her alleged claims "arose from 'the commission of any act resulting in accrual within Montana of a tort claim.'" (Doc. 27 at 14.) Carnegie Mellon asserts

6

that Lyall has not contended that any of the alleged acts were committed in Montana.  (*Id.*)

Lyall does not address the statutory requirements found in Mont. R. Civ. P. 4(b)(1), but nonetheless counterargues that "[m]inimum contacts for both parties to the subject matter are met, because the events occurred in CyberSpace, (the internet)."  (Doc. 29 at 2.)  Lyall does not cite any authority for this claim, and the Court finds it to be a misstatement of the law.  As Carnegie Mellon notes in their reply brief, "under Montana law, remote communications with an entity located in Montana are generally not considered within the specific jurisdiction analysis." *Ascencio v. Phillips Agency, Inc.*, No. CV 16-64-M-DLC, 2016 WL 9461796, at *4 (D. Mont. Aug. 16, 2016).

The Court finds that Lyall has not made a prima facie showing of jurisdictional facts to establish that the Court has personal jurisdiction over Lyall's claims against Carnegie Mellon.  Asserting personal jurisdiction over Carnegie Mellon would not just be unreasonable—it would deprive Carnegie Mellon of due process of the law.

Based on the foregoing, the Court dismisses the above-captioned matter for lack of personal jurisdiction.  Because of this conclusion, the Court does not reach the issue of subject matter jurisdiction, venue, or res judicata.

Accordingly, IT IS ORDERED that Defendant's motion (Doc. 26) is

GRANTED.  All other pending motions are DENIED AS MOOT.

IT IS FURTHER ORDERED that the above captioned matter is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

DATED this 10th day of January, 2024.

_____
Dana L. Christensen, District Judge
United States District Court